**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BRYANT SANTOS, individually and on behalf of all others similarly situated,**<br><br>    Plaintiffs,<br><br>vs.<br><br>**GUILIANO ENVIRONMENTAL, LLC, and all other affiliated Entities and/or Joint Employers, CHRISTOPHER GUILIANO, individually, and ROBERT FISTER, individually,**<br><br>    Defendants. | **AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>Dkt. No.: 3:19-cv-14468-MAS-TJB<br><br>**Jury Trial Demanded** |

Plaintiff, BRYANT SANTOS ("Santos" or "Plaintiff"), on behalf of himself and all others similarly situated (collectively "putative class" or "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Amended Collective and Class Action Complaint against Defendants GUILIANO ENVIRONMENTAL, LLC, and all other affiliated entities and/or joint employers, (collectively "Defendants" or "Guiliano"), CHRISTOPHER GUILIANO, individually, and ROBERT FISTER, individually (collectively "Guiliano Defendants"), and alleges as follows:

**PRELIMINARY STATEMENT**

1.       This action is brought on behalf of Plaintiff and a putative class of individuals who worked as roofers, demolition laborers, and other construction-related trades, and snow removal laborers, for GUILIANO and/or any other entities affiliated with, controlling, or controlled by Guiliano Defendants, to recover statutory wage and overtime payments, payment for unpaid supplemental benefits that Plaintiff and the members of the putative class were statutorily and

1

contractually entitled to receive for work they performed on numerous privately financed projects (hereinafter referred to as the "Private Projects") and publicly financed projects (the "Public Works Projects") pursuant to contracts with various government entities ("Government Entities"). The Government Entities, and locations of specific jobs on which Plaintiff and the putative class worked but were not properly paid include, but are not limited to, the following: Terrill Middle School, Raritan High School, Ethel Jacobson Elementary School, Thompson Middle School, and Hawthorne Middle School.  Plaintiff and the putative class performed roofing work on the above-mentioned prevailing wage jobs.  On at least two of the jobs, Defendants had ten or more employees working to complete the roof repairs and/or replacements. .

2.     The Public Works Projects were undertaken and performed by the Guiliano Defendants in accordance with the terms and conditions of certain "Public Works Contracts" entered into with the Government Entities between June 2013 and the present.

## INTRODUCTION

3.     Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL"), and the New Jersey State Prevailing Wage Act., N.J.S.A. 34:11-56.25 et seq. ("NJPWA").

4.     Plaintiff brings this lawsuit against Defendants as a collective and class action on behalf of himself and all other persons similarly situated –non-exempt laborers, that performed, roofing, demolition, and snow removal, as well as other duties as a laborer– who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b), the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq.

("NJWHL"), and the New Jersey State Prevailing Wage Act., N.J.S.A. 34:11-56.25 et seq. ("NJPWA").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Plaintiff's NJWHL and NJPWA claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Plaintiff performed non-exempt roofing and construction duties as a laborer for the Defendants in New Jersey, New York, Connecticut, and in several other states in the country, including, but not limited to, Pennsylvania, Maryland, and Georgia and based from Defendants' headquarters in Sayreville, Middlesex County, NJ. Defendants are therefore within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, Guiliano is an enterprise which is engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Defendants routinely purchase materials and products from out of state, these which are delivered through the channels of interstate commerce. Defendants routinely perform roofing work throughout the eastern United States and thus use the channels of interstate commerce to perform their jobs. Defendants further routinely accept credit card payments, which involves interstate business and financing transactions. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and

3

products which have moved through interstate channels so as to produce an end product for Defendants' consumers. Further, Plaintiff and those similarly situated laborer employees worked in interstate commerce, performing their job duties in various states throughout the eastern United States. Thus, Defendants and Plaintiff and those similarly situated employees fall within the protections of the Act.

10. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and the New Jersey Rules of Court § 4:32, N.J. Stat. § 34:11-56.A25, and N.J. Stat. § 34:11-56.40 ("Any workman shall be entitled to maintain [an action for underpayment of prevailing wages] for and on behalf of himself or other workmen similarly situated, and such workman and workmen may designate an agent or representative to maintain such action for and on behalf of all workmen similarly situated.")

11. This action is brought on behalf of the Plaintiff and a putative class consisting of each and every other laborer who performed work in trades including but not limited to roofers, demolition laborers, and other related construction trades, as well as snow removal laborers, for the Guiliano Defendants and/or other entities controlled by the Guiliano Defendants on the sites of the Public Works Projects and the Private Projects.

12. For purposes of the FLSA and Rule 23 claims, the Asserted Class is defined as follows:

> All non-exempt hourly laborers, performing various laborer duties, including, but not limited to, roofing, demolition, and snow removal, from in or about June 2013, through the present, who have not been paid at an overtime rate for any hours, as well as not being paid for all overtime hours worked.

13. The putative class is so numerous that joinder of all members is impracticable.

The size of the putative class is believed to be in excess of 78 similarly situated individuals. The names of some of the potential members of the putative class are as follows: Jasmine Vargas, James Garay, David Gonzalez, Inmar Sanchez, Rafael Vargas, Joshua Harris, and Janet Maldonado.

14. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

15. The claims of the Plaintiffs are typical of the claims of the putative class.

16. The Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

17. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

18. Under New Jersey law, this action is properly maintainable as a class action pursuant to the New Jersey Prevailing Wage Act (N.J. Stat. § 34:11-56.40), the New Jersey wage and hour law (N.J. Stat. § 34:11-56.A25), and the New Jersey Rules of Court § 4:32.

19. Upon information and belief, pursuant to N.J. Stat. §§ 34:11-56.27; 34:11-56.28, each of the Public Works Contracts for work to be performed in New Jersey contained a provision specifying the prevailing wage rate to be paid to all workmen on the Public Works Projects and mandating the payment of same to Plaintiff and other members of the putative class.

20. The "prevailing rate of wage" and "supplemental benefit" is the rate of wage and benefit paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector.  See N.J. Stat. §§ 34:11-56.27; 34:11-56.28.

21. Beginning in or

about 2013, the Guiliano Defendants entered into a number of Public Works Contracts to perform, inter alia, roofing, demolition, and other related construction work with the Government Entities, or prime contractors, at the sites of the Public Works Projects.

22. Upon information and belief, schedule of prevailing rates of wages and supplemental benefits ("Prevailing Wage Schedule") to be paid was annexed to and was made a part of each contract.

23. This promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the contracts between the Guiliano Defendants and the Government Entities and/or the prime contractors of record was made for the benefit of all workers furnishing labor on the sites of the Public Works Projects and, as such, the workers furnishing labor on the sites of the Public Works Projects are the beneficiaries of that promise.

24. At all times relevant to this action, the individual Guiliano Defendants were officers, and/or shareholders of Guiliano. Plaintiffs and other members of the putative class performed labor at the Public Works Projects and Private Projects, for the benefit of and at the direction of the Guiliano Defendants.

## **PARTIES**

25. Plaintiff Santos is an adult individual who is a resident of Guttenberg, Hudson County, New Jersey.

26. Plaintiff Santos was employed by Defendants full time as a laborer and worked performing roofing, demolition, other construction related duties, and snow removal, from in or about May 2014, through in or about October 2018.

6

27. The Guiliano Defendants own and/or maintain a roofing, demolition, and snow removal business which operates throughout the State of New Jersey, as well as neighboring states and states throughout the Eastern United States.

28. Defendants' corporate headquarters are located in Sayreville, Middlesex County, New Jersey.

29. At all times relevant to this Complaint, all Defendants employ individuals to perform labor services on behalf of the Defendants.

30. At all times relevant to this Complaint, the corporate Defendant's annual gross volume of sales made or business done was not less than $500,000.00.

31. At all times relevant to this Complaint, Guiliano was and is an employer engaged in interstate commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

32. Upon information and belief, Individual Defendant Christopher Guiliano is a New Jersey state resident.

33. Upon information and belief, at all times relevant to this Complaint, individual Defendant Christopher Guiliano has been an owner, partner, officer and/or manager of the Defendant Guiliano.

34. Upon information and belief, at all times relevant to this Complaint, individual Defendant Christopher Guiliano has had power over personnel decisions at the Defendant Guiliano's business.

35. Defendant Christopher Guiliano was present at the Guiliano headquarters every day, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

36. Upon information and belief, Individual Defendant Robert Fister is a New Jersey state resident.

37. Upon information and belief, at all times relevant to this Complaint, individual Defendant Robert Fister has been an owner, partner, officer and/or manager of the Defendant Guiliano.

38. Upon information and belief, at all times relevant to this Complaint, individual Defendant Robert Fister has had power over personnel decisions at the Defendant Guiliano's business.

39. Defendant Robert Fister was present at Guiliano every day, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## **FACTS**

40. Under New Jersey law, this action is properly maintainable as a class action pursuant to the New Jersey Prevailing Wage Act (N.J. Stat. § 34:11-56.40), the New Jersey wage and hour law (N.J. Stat. § 34:11-56.A25), and the New Jersey Rules of Court § 4:32.

41. Upon information and belief, pursuant to N.J. Stat. §§ 34:11-56.27; 34:11-56.28, each of the Public Works Contracts for work to be performed in New Jersey contained a provision specifying the prevailing wage rate to be paid to all workmen on the Public Works Projects and mandating the payment of same to Plaintiff and other members of the putative class.

42. The "prevailing rate of wage" and "supplemental benefit" is the rate of wage

and benefit paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector. See N.J. Stat. §§ 34:11-56.27; 34:11-56.28.

43. Upon information and belief, pursuant to N.J. Stat. §§ 34:11-56.27; 34:11-56.28, the prevailing wage rate must be paid to all workmen on Public Works Projects, such as those worked on by the Plaintiff and other members of the putative class.

44. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

45. Beginning in or about 2013, the Guiliano Defendants entered into a number of Public Works Contracts, some of which are listed above, to perform, inter alia, demolition work, roofing work, and other related construction work with the Government Entities, or prime contractors, at the sites of the Public Works Projects.

46. Upon information and belief, a schedule of prevailing rates of wages and supplemental benefits ("Prevailing Wage Schedule") to be paid was annexed to and was made a part of each contract.

47. This promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the contracts between Guiliano and the individual Defendants, and the Government Entities and/or the prime contractors of record was made for the benefit of all workers furnishing labor on the sites of the Public Works Projects and, as such, the workers furnishing labor on the sites of the Public Works Projects are the beneficiaries of that promise.

48. Beginning in or about 2013, the Guiliano Defendants entered into a number of contracts, some of which are listed above, to perform work on the Private Projects where payment of time and one-half an employee's regular hourly rate of pay was required for all hours worked in excess of 40 hours in a consecutive seven-day workweek.

49. At all times relevant to this action, Defendant Christopher Guiliano was an officer, president, owner and/or shareholder of Defendant Guiliano. Plaintiff and other members of the putative class performed labor at the Public Works Projects and Private Projects, for the benefit of and at the direction of Defendant Christopher Guiliano.

50. At all times relevant to this action, Defendant Robert Fister was an officer, president, owner and/or shareholder of Defendant. Plaintiff and other members of the putative class performed labor at the Public Works Projects and Private Projects, for the benefit of and at the direction of Defendant Robert Fister.

51. Defendants did not properly compensate Plaintiff and those similarly situated employees based on the contracted prevailing wage and supplemental benefit rates.

52. Defendants did not properly compensate Plaintiff and those similarly situated employees for all overtime hours worked in a work week.

53. Defendants did not pay Plaintiff Santos at an overtime rate for any hours over forty (40) in a work week.

54. At the beginning of his employment, Plaintiff Santos was paid at an hourly rate of $14.00.

55. Plaintiff Santos was given incremental raises, until in or about April 2017, he was paid $18.00 per hour; he was paid $18.00 per hour until the end of his employment with Defendants.

10

56. Plaintiff Santos was paid a portion of his wages with a payroll check by Defendants.

57. Plaintiff Santos generally received cash payments from Defendants for some of his overtime hours worked at his regular rate.

58. Plaintiff Santos did not receive payment at time and one-half his regular rate of pay from Defendants for his work performed in excess of 40 hours per workweek.

59. Plaintiff Santos routinely worked roofing and demolition jobs from the beginning of March through the end of October each year. During the winter months, Plaintiff Santos performed snow removal work for Defendants.

60. Plaintiff Santos routinely worked roofing and demolition jobs six (6) to seven (7) days per week.

61. Plaintiff Santos routinely worked approximately eighty (80) hours each week from in or about March through October.

62. Plaintiff Santos generally worked approximately forty (40) hours each week from in or about November until March.

63. Additionally, Plaintiff Santos was generally not paid at all for the time spent in a day travelling from one job to another.

64. Employees similarly situated to Plaintiff were also hourly laborer employees and were also deprived of overtime pay for those hours worked in excess of forty (40) in a workweek as described herein.

65. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, NJWHL, and NJPWA as described in this Complaint.

66. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

67. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and has incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

68. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the preceding paragraphs herein.

69. Plaintiff is entitled to be paid additional compensation for each of his overtime hours worked per work period.

70. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

71. Defendants knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to him at one and one-half times their regular rate of pay for all of their overtime worked in a work week.

72. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

73. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

74. Plaintiff re-alleges and incorporates here by reference, all allegations contained in the preceding paragraphs.

75. Defendants' aforementioned conduct is in violation of New Jersey Statutes §§ 34:11-56a4 et seq., the Defendants willfully failed to pay Plaintiffs and the other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty hours a week for the Defendants on the New Jersey Public Works Projects and on the Private Projects.

76. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## COUNT III
## RECOVERY OF PREVAILING WAGE COMPENSATION
## PURSUANT TO THE NJPWA

77. The Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs herein.

78. New Jersey Statute 34:11-56.40 provides that "if any workman is paid less than the prevailing wage to which such workman is entitled under the provisions of this act such workman may recover in a civil action the full amount of such prevailing wage less any amount actually paid to him or her by the employer, together with costs and such reasonable attorney's fees."

79. Defendants willfully paid Plaintiff and the other members of the putative class less than the prevailing rates of wages and supplemental benefits to which Plaintiff and the other members of the putative class were entitled for the labor which they furnished to Defendants on the sites of the Public Works.

## COUNT IV
## RECOVERY OF MONIES RECEIVED BY DEFENDANTS
## PURSUANT TO N.J.S.A. 2A:44-148

13

80. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs herein.

81. New Jersey Law imposes a trust on all monies "paid by the state of New Jersey or by any agency, commission or department thereof, or by any county, municipality or school district in the state, to any person pursuant to the provisions of any contract for any public improvement made between any such person and the state of New Jersey or by any agency, commission or department thereof, or by any county, municipality or school district in the state."

82. This trust is created in the hands of the person receiving such monies "pursuant to the provisions of any contract for any public improvement made between any such person and the state of New Jersey or by any agency, commission or department thereof, or by any county, municipality or school district in the state," as contractor, for the benefit of the workmen who provided labor on the Projects, "until all claims for labor, materials and other charges incurred in connection with the performance of such [ government contracts] shall have been fully paid."

83. Upon information and belief, the Defendants received monies for work and services provided pursuant to the government or utility company contracts.

84. As previously alleged, the Defendants have failed to pay Plaintiff and the putative class the prevailing rate of wages for work already performed on the Public Works Projects.

## COUNT V
## RECOVERY AGAINST DEFENDANTS
## PURSUANT TO DEFENDANTSS' BREACH OF FIDUICARY DUTY

85. Plaintiff repeats and reallege the allegations set forth in the preceding paragraphs herein.

86. New Jersey law imposes a trust on all monies paid to contractors for the benefit of

workers and materialmen who provide labor and materials on construction projects.

87. Consequently, the Defendants, individually and jointly, have a fiduciary responsibility to Plaintiff and the putative class to ensure the payment of prevailing wages to the Plaintiff and workers who comprise the proposed class.

88. On information and belief, the Defendants have diverted the monies received from the State of New Jersey, the public utility, or other government entity and allocated such funds for improper purposes or purposes other than the payment of wages due the Plaintiff and proposed class.

89. By reason of these willful violations, the Defendants are individually and jointly liable to Plaintiff and the other members of the putative class for an amount to be determined at trial, plus costs, fees and interest.

## JURY TRIAL

90. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff BRYANT SANTOS and those similarly situated to him, who have or will become part of this collective action, demand judgment, against Defendants GUILIANO ENVIRONMENTAL, LLC, and all other affiliated Entities and/or Joint Employers, CHRISTOPHER GUILIANO, individually, and ROBERT FISTER, individually, individually, for the payment of compensation for all wages due them for the time worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: December 9, 2019              Respectfully submitted,

**JAFFE GLENN LAW GROUP, P.A.**

        s/ Andrew I. Glenn
Andrew I. Glenn, Esquire
E-mail: Aglenn@JaffeGlenn.com
Jodi J. Jaffe, Esquire
E-mail:  Jjaffe@JaffeGlenn.com

301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*